UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JILL CARUSO**, | ) |
| Plaintiff, | ) Case No. 4:22-cv-10506 |
| v. | ) |
| **DAVIS-MCNALLY LODGING II, LLC**, a Michigan limited liability company, | ) Judge: |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **DAVIS-MCNALLY LODGING II, LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

1

actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, JILL CARUSO ("Plaintiff") is a Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **DAVIS-MCNALLY LODGING II, LLC** operates and owns the Fairfield Inn & Suites by Marriott Frankenmuth located at 430 S Main St, Frankenmuth, MI 48734 in Saginaw County. Plaintiff has patronized Defendant's hotel as an overnight guest previously as a place of public accommodation.

6. Upon information and belief, the hotel owned or operated by the Defendant Davis-Mcnally Lodging II, LLC was originally built by the Defendant commencing in 1998 and granted permits for occupancy in 1998 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in

    performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On July 8-9, 2021, Plaintiff patronized the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff resides in Monroe County and was in Frankenmuth, Michigan as a result of a Girl Scout Cookie sales banquet hosted at Bavarian Inn. But she also frequents Frankenmuth and Birch Run areas several times each year for her employment, recreation and shopping and has logged many overnight stays. She is also very active with disability advocacy groups including spokesperson pageants for promotion of disability rights, public speaking, and disability advocacy fashion shows. These activities also cause her to frequent the Frankenmuth area and its establishments.

9. During the Plaintiff's stays on the night of July 8-9, 2021, Plaintiff encountered many architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26,

  1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Fairfield Inn & Suites by Marriott Frankenmuth, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Access to Goods and Services

 A. The swimming pool does not have an adaptive pool lift for use by disabled patrons, whereas effective January 31, 2013 two accessible means of entry are required and one must be a pool lift, in violation of the ADA whose remedy is readily achievable.

 B. There is not an accessible means of entry to the spa in the pool area which was required effective January 31, 2013, in violation of the 2010 ADA Standards whose remedy is readily achievable.

 C. The fitness center exercise machines and equipment are not located so they have a clear floor space complying with Sections 1004 and 305 of 2010 Standards positioned for transfer or for use by an individual seated in a wheelchair, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom:

 D. The lobby restroom lavatory does not have complaint knee clearance for a wheelchair to access the sink, in violation of the ADA whose remedy is readily achievable

 E. The lobby restroom water and drain pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

 F. The toilet paper dispensers are not mounted 7 to 9 inches in front of the water closet rim, in violation of the ADA whose remedy is readily achievable.

 G. The toilet seat cover dispenser is mounted in excess of allowable range above the finish floor to its operable parts, as well as being mounted within 12 inches above the rear grab bar, both in violation of the ADA whose remedy is readily achievable.

Designated Mobility Accessible Guestroom with roll-in shower

 H. The designated mobility accessible guestroom contains amenities located in excess of allowable reach range including coffee maker, iron, towel rack, and others, in violation of the ADA whose remedy is readily achievable.

I. The standard roll-in shower's controls are not located on the back wall as required in section 4.21.5 of the 1991 ADAAG standards, in violation of the ADA whose remedy is readily achievable.

J. There is not a fixed folding seat provided in the roll-in type showers whereas one is required, in violation of the ADA whose remedy is readily achievable.

K. The accessible guestroom handheld shower spray unit is mounted in excess of allowable reach range above the finish floor and it does not contain an on/off control and non-positive shut-off, in violation of the ADA whose remedy is readily achievable.

L. The guest bathroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

M. Grab bars around the water closet are not compliant, in violation of the ADA whose remedy is readily achievable.

Type and Number of Designated Accessible Guestrooms

N. Upon information and belief there are an insufficient total number of designated mobility accessible guestrooms, per the ADA implementing regulations which would require a total of four, in violation of the ADA whose remedy is readily achievable.

O. Upon information and belief the designated mobility accessible guestrooms are not disbursed among the various room types, including suites.

Parking and Accessible Routes

P. The designated accessible parking spaces are located on ground with excess slope and also have uneven surfaces where there can be pooling water when it rains, in violation of the ADA whose remedy is readily achievable.

Q. The designated accessible parking spaces have faded paint and have not been properly maintained, in violation of the ADA whose remedy is readily achievable.

R. There are no Van Accessible spaces or spaces properly marked as Van Accessible, in violation of the ADA whose remedy is readily achievable.

S. Designated accessible parking access aisles do not lead to accessible routes due to a long route through the parking lot to traverse with excess slopes, curbs and cracks, in violation of the ADA whose remedy is readily achievable.

T. The designated accessible parking signage is not mounted at minimum 60 inches above the ground surface to the bottom of the signage, in violation of the ADA whose remedy is readily achievable.

    U. The hotel passenger loading area is not marked with a required vehicle pull up space and access aisle, in violation of the ADA whose remedy is readily achievable.

    V. Sixty percent of the hotel's entrances are not accessible, whereas the hotel's side entrance has a two to three inch threshold as well as a sloped landing, in violation of the ADA whose remedy is readily achievable.

    W. The swimming pool patio door (exit) has a one inch threshold and large crack or change in level form the outside, in violation of the ADA whose remedy is readily achievable.

    X. There is not an accessible route of travel from the hotel to the public way (public streets, sidewalks and public transportation stops) making it difficult for the Plaintiff to traverse, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

<u>Policies and Procedures</u>

    Y. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

    Z. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

15. The discriminatory violations described in Paragraph 14 by Defendant **Davis-Mcnally Lodging II, LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in

order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by **Davis-Mcnally Lodging II, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to

provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. § 37.1301 *et seq.*

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **Davis-Mcnally Lodging II, LLC** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Caruso and others with mobility impairment handicap compliant transient lodging despite being constructed after the enactment of the Americans with Disabilities Act and at all relevant times subject to the Michigan Persons with Disabilities Civil Rights Act without constructing consistent with applicable law or thereafter undertaking readily achievable barrier removal.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the

goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI